UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TONEY FORET, SR.                                CIVIL ACTION

VERSUS                                          NO: 10-2931

BORDELON MARINE, INC. and M/V                   SECTION: R(1)
RACHEL BORDELON

## ORDER AND REASONS

Before the Court is defendant Bordelon Marine's motion to strike Steven Boudreaux's affidavit of service[1] and plaintiff Toney Foret's motion to amend proof of service.[2]  Bordelon Marine argues that the affidavit of service is deficient because Boudreaux did not actually serve Wesley Bordelon, defendant's agent for service of process, and because Boudreaux did not execute the affidavit in the presence of a notary public.  Foret responds by submitting new affidavits that are identical in all

---

[1]  R. Doc. 34.

[2]  R. Doc. 39.

respects, except that Boudreaux executed them in the presence of a notary public.

Under Fed. R. Civ. P. 4(l)(1), proof of service must be made by the server's affidavit. Rule 4(l)(3) states: "Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended." A request to amend proof of service should "rarely should be refused" because "[i]t is extraordinarily unlikely that this type of an amendment would materially prejudice a substantial right of any of the parties to the action." 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1132 at 300 (3d ed. 2002). Bordelon Marine has not shown that any such prejudice would result from allowing the amendment in this case.

Therefore, defendant's motion to strike is DENIED, and plaintiff's motion for leave to amend is GRANTED. Foret may file the amended affidavits attached to his motion into the record. The Court will take up whether Bordelon Marine was properly served and whether the default against Bordelon Marine should be set aside at the hearing set for March 22, 2011.

New Orleans, Louisiana, this __9th__ day of March, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE