**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TONY FORET, SR.**                                                                **CIVIL ACTION**

**VERSUS**                                                                            **NO: 10-2931-SSV-SS**

**BORDELON MARINE, INC., et al**

**<u>ORDER</u>**

PLAINTIFF'S MOTION TO QUASH (Rec. doc. 65)

**GRANTED**

On March 22, 2011, the District Judge set aside the default.  Rec. doc. 63.  A scheduling order has not been entered.  On March 23, 2011, the defendant, Bordelon Marine, Inc. ("Bordelon Marine"), noticed the deposition of the plaintiff, Tony Foret, Sr. ("Foret"), for March 29, 2011.  The letter scheduling the deposition invited counsel for Foret to advise if the date is not convenient.  Rec. doc. 65 (Exhibit G).  Foret's counsel reports that he notified counsel for Bordelon Marine that he objected to the date.

The parties shall proceed as follows:

1.     **Within fourteen (14) calendar days of the entry of this order**, trial counsel for the parties shall conduct a Rule 26(f) conference.  Counsel for Foret shall be responsible for scheduling this conference.  It may be conducted by telephone.

2.     **Within fourteen (14) calendar days of the entry of this order**, the parties shall exchange initial disclosures.

3.     **Within fourteen (14) calendar days of the Rule 26(f) conference,** the parties shall serve written discovery.  The parties shall respond to the written discovery within the limits provided in the Federal Rules of Civil Procedure.

4.    After the resolution of any motions to compel concerning the sufficiency of initial disclosures and the responses to the written discovery, the parties may conduct depositions.

5.    Foret shall be deposed first before any representative of Bordelon Marine or any non-party witness is deposed.  Foret shall be deposed at the office of his counsel in Houston.  All representatives of Bordelon Marine shall be deposed at the office of counsel for Bordelon Marine or at the offices of Bordelon Marine.

6.    The parties shall not file any discovery motion without a meet-and-confer.  Trial counsel for the parties shall participate in the meet-and-confer.  The moving party shall file a thorough statement of the meet-and-confer and identify the specific issues on which there was no agreement.

7.    If either party fails to comply with this order, sanctions will be imposed.

IT IS ORDERED that: (1) Foret's motion to quash and for protective order (Rec. doc. 65) is GRANTED; (2) his motion for expedited consideration (Rec. doc. 66) is GRANTED; and (3) the parties shall conduct discovery as provided herein.

New Orleans, Louisiana, this 29th day of March, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**

2